## ROBLE *v.* SUCCESSION OF PÉREZ.

### APPEAL from the District Court of San Juan, Section 1.

No. 903.—Decided November 22, 1912.

NATURAL CHILD—ACTION FOR ACKNOWLEDGMENT—PRESCRIPTION.—The plaintiff herein having been born on November 30, 1864, his putative father having died on April 15, 1911, and the complaint not having been filed until April 30, 1912, there can be no question that the action for acknowledgment brought by the plaintiff had become extinguished by the lapse of the term fixed by section 199 of the Revised Civil Code. *Jesús* v. *Succession of Pérez*, decided May 22, 1912.

ID.—DURATION OF ACTION FOR ACKNOWLEDGMENT—LAW WHICH GOVERNS—ACTION FOR ACKNOWLEDGMENT.—According to rule 4 of the temporary provisions of the Revised Civil Code, the duration of the action for acknowledgment brought by the plaintiff herein must be governed by the provisions of section 199 of the Revised Civil Code which is the law applicable to this case and not by article 137 of the Spanish Civil Code formerly in force.

ID.—PRESCRIPTION OF ACTIONS FOR ACKNOWLEDGMENT—REVIVAL OF RIGHT.—Act No. 73, enacted March 9, 1911, is not applicable to the case at bar, because when said act took effect the action claiming filiation brought by the plaintiff had already prescribed and her right had become extinguished, and the said act cannot revive a right which had lapsed. The case of *Jesús* v. *Succession of Pérez*, 18 P. R. R., 392, is referred to and followed here.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellants.

*Messrs. Bosch & Soto* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The only legal question submitted to our consideration in this case is whether the action brought by Andrea Roble for acknowledgment as the natural daughter of the late Ramón Villamil, with the advantages resulting, has prescribed, as was so decided by the District Court of San Juan, Section 1, in its judgment of August 15 of the present year, which dismissed the complaint with costs against the plaintiff and from which the plaintiff has appealed.

The allegations made in the complaint filed on April 13 of this year show that the plaintiff was born on November 30,

1864, and that Ramón Pérez Villamil, ancestor of the defend-
ant succession, died on April 15 of last year.

The acknowledgment sought by Andrea Roble should be
governed by the provisions of section 199 of the Revised Civil
Code under which an action to claim filiation may be filed at
any time within two years after the child shall become of
age. And to strengthen our position we refer to the doctrine
laid down by this court on May 22 last, in deciding the case
of *Isabel de Jesús* v. *Succession of Ramón Pérez Villamil,*
also to claim filiation, and surrounded by the same circum-
stances as the case at bar.

Inasmuch as Andrea Roble was born on November 30,
1864, and did not bring the action to claim filiation until
April 13 of the present year, when the complaint in this case
was filed, it is clear that on the latter date her action had
prescribed already or had become extinguished because of
the expiration of the period fixed by the section of the code
cited.

In support of her appeal the appellant contends that the
provisions of section 199 of the Revised Civil Code are not
applicable to her case because she was already of age when
the said code became effective, and that, therefore, said pro-
vision of the code could not deprive her of a right acquired
under the Spanish Civil Code, by which and by Act No. 73,
approved March 9, 1911, her case should be governed.

It is true that section 137 of the Spanish Civil Code pro-
vided that actions for the acknowledgment of natural chil-
dren can be instituted only during the life of the presumed
parents except in the cases specified in said section, and that
that provision of law was reenacted by the Act of March 9,
1911, with the modification that such actions can be estab-
lished not only during the life of the presumptive parents,
but also a year after their death. But those provisions of
law do not shield or protect Andrea Roble who failed to in-
stitute her action while the former civil code was in force,
and who by her failure to do so became subject to the provi-

sions of the Revised Civil Code as to prescription, according to section 4 of the Temporary Provisions for the application of said code. Therefore the right she may have had became extinguished through her lack of diligence and activity in the exercise thereof, as provided for by section 1840 of the said code.

The Act of March 9, 1911, is not applicable to this case because under section 199 of the Revised Civil Code on that date the action to claim filiation had already prescribed and the former law cannot impart life to a dead right. We so stated in the case of *Isabel de Jesús* v. *Succession of Ramón Pérez Villamil,* above cited. We now repeat and affirm the entire legal doctrine therein laid down.

For the reasons stated the judgment appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.